**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ETHICON ENDO-SURGERY, INC. and<br>ETHICON ENDO-SURGERY, LLC,<br><br>    *Plaintiffs and Counterclaim-Defendants*,<br><br>    v.<br><br>COVIDIEN LP, COVIDIEN SALES LLC, and<br>COVIDIEN AG,<br><br>    *Defendants and Counterclaim-Plaintiffs*. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:16-cv-12556-LTS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(d)**

Pursuant to Local Rules 16.1(d) and 16.6, Plaintiffs and Counterclaim-Defendants Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery, LLC ("Ethicon") and Defendants and Counterclaim-Plaintiffs Covidien LP, Covidien Sales LLC, and Covidien AG ("Covidien") have conferred and submit the following Joint Statement in advance of a Scheduling Conference.

Covidien respectfully requests that the Court schedule the Scheduling Conference for September 18, 2017, the same day for which this Court has scheduled a hearing on Covidien's pending Motion for a Preliminary Injunction.

Ethicon respectfully requests that, given the limited time available for the hearing on Covidien's pending Motion for a Preliminary Injunction, which is scheduled to start at 3:15 PM, the Court schedule the Scheduling Conference for another date, either before or shortly after the preliminary injunction hearing, and preferably, by teleconference.

## I. Brief Case Description

On December 19, 2016, Ethicon filed its Complaint in this action, seeking a declaratory judgment that ENSEAL X1 does not infringe Covidien's U.S. Patent Nos. 6,585,735 ("the '735 patent"), 7,118,587 ("the '587 patent"), 7,473,253 ("the '253 patent"), 8,070,748 ("the '748 patent"), and 8,241,284 ("the '284 patent"). Dkt. No. 1. Covidien filed its Answer and Counterclaims on February 14, 2017 (Dkt. No. 14), an Amended Answer and Counterclaims on March 28, 2017 (Dkt. No. 21), and a Second Amended Answer and Counterclaims on April 24, 2017 (Dkt. No. 34). In its Second Amended Answer and Counterclaims, Covidien included counterclaims of infringement of the '735 patent and the '284 patent, as well as four additional patents—U.S. Patent Nos. 8,323,310 ("the '310 patent"), 9,084,608 ("the '608 patent"), 9,113,882 ("the '882 patent"), and 9,241,759 ("the '759 patent"). Covidien and Ethicon also entered into a joint stipulation that resulted in the dismissal of all claims and counterclaims concerning the '253, '748, and '587 patents. Dkt. Nos. 51-53. The '735, '284, '310, '608, '882, and '759 patents (collectively, "the patents-in-suit") remain at issue in this case. On April 27, 2017, Covidien filed a motion for a preliminary injunction regarding claim 1 of the '284 patent against Ethicon's ENSEAL X1 product. Dkt. No. 38. The Court entered an order on Covidien's motion, scheduling a hearing for September 19, 2017. Dkt. No. 49.

## II. Discovery Plan

### A. Case Schedule Proposals

After conferring in good faith, the parties could not reach agreement regarding an appropriate case schedule. Accordingly, each party is submitting herewith its proposed pretrial schedule. Attached hereto as Exhibit A is a summary chart listing side-by-side the parties' positions regarding when each case event or deadline should occur. Covidien's proposed case

schedule is attached hereto as Exhibit B. Ethicon's proposed case schedule is attached hereto as Exhibit C.

Covidien's Position Regarding Case Schedule:

Ethicon released the ENSEAL X1 in March 2017, and Covidien has continued to suffer irreparable harm since that release. Absent a favorable ruling on Covidien's motion for preliminary injunction, Ethicon's proposed case schedule, which delays trial until late September 2019, would permit the Enseal X1 to stay on the market and inflict further harm on Covidien up to two and a half years after the product's release. Such a case schedule is unworkable. Moreover, and in any event, Ethicon's proposed schedule unreasonably delays adjudicating this case.

This case was filed by Ethicon as a declaratory judgment action in December 2016, alleging it does not infringe five Covidien patents. That, however, was not the first time the parties discussed the patents-in-suit. In fact, the parties had been discussing the five declaratory judgment patents since June 2016. Back then, Ethicon requested that Covidien clear the five declaratory judgment patents of infringement with respect to the ENSEAL X1, but those requests were premature as Ethicon only had a prototype of the ENSEAL X1 at that time.

Despite the ENSEAL X1 still only having a prototype, Covidien agreed to a mediation session in December 2016, after the ENSEAL X1 received FDA clearance, to discuss the five declaratory judgment patents. In preparing for the mediation, the parties substantively reviewed the patents and formulated positions regarding infringement and validity – the same types of issues and analyses to be performed during this litigation. The parties have thus been investigating and developing their positions before Ethicon even filed this case. In February 2017, after Ethicon filed its declaratory judgment complaint, Covidien identified additional

patents that were infringed by the ENSEAL X1, including the remaining patents-in-suit. In April 2017, after going through additional mediation sessions that failed to resolve the parties' dispute, Covidien added those patents to this litigation and also filed a motion for a preliminary injunction regarding the '284 Patent.

In short, this is not a typical patent case because substantial work has already been done to develop the parties' claims and defenses in this case. Indeed, the parties' pre-litigation discussions identified each of the patents-in-suit well *before* they were added to this litigation. Ethicon asserted non-infringement and invalidity defenses in its answer to Covidien's counterclaims filed more than three months ago (in addition to asserting declaratory judgment claims based on non-infringement in December 2016), and presumably had a Rule 11 basis for doing so at the time those defenses were asserted. Any suggestion that Ethicon has not had a sufficient opportunity to develop its defenses ignores the realities of the parties' pre-litigation discussions and is contrary to Ethicon's own conduct in this case. Moreover, the patents-in-suit address overlapping subject matter. Each of the patents relate to advanced energy surgical instruments, and several of the patents-in-suit are directed to inventions that overlap with (or are similar to) one another. For example, the '284 Patent and '735 Patents both claim jaw configurations with stop members, and the '608 Patent and '759 Patent both relate to safety mechanisms for the blade used in advanced bipolar devices to dissect tissue. There is substantial overlap among the patents-in-suit that will allow this case to proceed more efficiently than many multi-patent cases.

Moreover, while this case includes six patents, it only involves one accused product—the ENSEAL X1 device. Significant fact and expert discovery has already been conducted regarding that product in connection with Covidien's motion for preliminary injunction. Both parties have

already produced tens of thousands of pages of documents related to the ENSEAL X1 and Covidien's competitive products.  The parties have also already deposed more than a dozen fact and expert witnesses (including several third parties) regarding the technical, marketing, and financial issues in this case, all of which will be relevant to the remaining patents-in-suit and will eliminate the need to start from scratch.  At a minimum, the substantial work that has already been conducted weighs against Ethicon's proposed deadlines to complete document and other discovery (July 2018 and September 2018, respectively), which unnecessarily extend the rest of the case schedule by several months.

Covidien's proposed schedule is reasonable and would set this case for trial approximately two years after Ethicon's complaint was filed.  The parties would have more than enough time to complete the discovery that has already been started in connection with the preliminary injunction motion, and have this case ready for trial.  Covidien's schedule substantially tracks the Court's Local Rules, with only two exceptions.  First, Covidien proposes that the deadline for preliminary infringement contentions (a deadline Covidien must comply with, not Ethicon) be 30 days after the scheduling conference.  Covidien proposes using the same deadline in typical patent cases instead of a declaratory judgment case, and this is entirely appropriate given the parties' pre-litigation and other mediation discussions regarding the Covidien patents.  Second, Covidien's proposed deadline for the exchange of proposed constructions comes 22 days after completion of preliminary contentions, but this is consistent with the timeframe proposed by Ethicon (30 days after completion of preliminary contentions).  Covidien thus respectfully requests that the Court enter Covidien's proposed case schedule, attached hereto as Exhibit B.

Ethicon's Position Regarding Case Schedule:

This action was filed on December 19, 2016. Covidien has asserted six patents against Ethicon.

As an initial matter, Covidien's assertion that the parties have "been investigating and developing their positions before Ethicon even filed this case" is misleading. Only two of the six patents-in-suit were the subject of Ethicon's declaratory judgment complaint—the '735 and '284 patents. Covidien had initially asserted counterclaims of infringement of three other patents, Dkt. No. 21, pp. 35-36, but later dismissed those counterclaims, Dkt. No. 51. As mentioned above in Section I, Covidien added four of the six patents-in-suit to the action on April 24, 2017, with the filing of its Second Amended Counterclaims. Dkt. No. 34. Those four patents were not the subject of Ethicon's earlier-filed declaratory judgment complaint. Accordingly, to the extent the parties evaluated the patents-in-suit prior to Ethicon's filing its complaint, it was only the '735 patent and '284 patent.

In any event, little work has been undertaken except for that in connection with Covidien's motion for a preliminary injunction, which Covidien filed on April 27, 2017, and which is based on only a single claim of one of the patents-in-suit (i.e, claim 1 of the '284 patent). The parties have been focused on briefing and limited, targeted discovery in connection with Covidien's motion for preliminary injunction. Covidien is wrong that the testimony provided in the fact and expert depositions to date are "all [] relevant to the remaining patents-in-suit." The depositions focused the factors relevant to the preliminary injunction analysis, including: the alleged infringement and validity of the '284 patent; the alleged harm to Covidien; the nexus between the alleged infringement of the '284 patent and the claimed harm; and the

equities and public interest. The depositions revealed little regarding the merits of the parties' claims and defenses with respect to the other five patents-in-suit.

The claims of the each of the six patents-in-suit are directed to different aspects and features of surgical devices. None of the patents is in the same patent family as another. There is little similarity or overlap in the subject-matter of each of the patents. This is a highly complex case that will involve various technical issues concerning infringement, invalidity, and claim construction. Covidien, however, asserts that there is substantial overlap among the patents-in-suit, citing that "both the '284 Patent and '735 Patents both claim jaw configurations with stop members, and the '608 Patent and '759 Patent both relate to safety mechanisms for the blade used in advanced bipolar devices to dissect tissue." A comparison of claim 1 of each of the patents-in-suit reveals that this is a gross oversimplification. While the claims of the '284 and '735 patents happen to have in comment the elements "jaw members" and "stop member," they include distinct elements requiring independent analysis. Similarly, the claims of the '608 and '759 patents, although they happen to include elements relating to the movement of the knife, are quite distinct from one another.

Covidien's proposed case schedule calls for a trial to be scheduled in November or December 2018 (fourteen to fifteen months after this Court holds a scheduling conference). This schedule is unrealistic and unworkable given the amount of work this case will involve for the parties as well as the Court. Ethicon's proposed case schedule, on the other hand, tracks the default Scheduling Order attached as Appendix E to the Local Rules. Covidien calls Ethicon's proposed case schedule "unworkable," but not only does it work, it actually is substantially more appropriate, for a case of this complexity and magnitude.

Covidien proposes that Ethicon's preliminary invalidity and non-infringement disclosures be due on December 18, 2017—only three months after the scheduling conference. Such a short timeframe is not adequate to allow Ethicon to develop its key affirmative defenses. Covidien's view that since Ethicon presumably had a Rule 11 basis for asserted non-infringement and invalidity defenses in this case, it should be ready to serve its invalidity and non-infringement disclosures, is too narrow and simplistic. The level of detail that must be provided in invalidity and non-infringement disclosures, including claim charts for each asserted claim of the patents-in-suit, is far greater than that which must be provided at the pleading stage. Ethicon proposes that, in accordance with the default Scheduling Order, its preliminary invalidity and non-infringement disclosures be due on February 16, 2018.

Covidien proposes that claim terms requiring construction be identified on January 9, 2018, and claim construction briefing be completed within only five weeks after that, on February 13, 2018. This proposal fails to take into account the possibility that a number of terms from the six patents-in-suit will require construction. Further, such a compressed claim construction briefing schedule may not provide the parties sufficient time to narrow or resolve their claim construction disputes, which could lead to not only the parties, but also the Court, expending unnecessary efforts in addressing issues that could have otherwise been resolved.

Covidien proposes that expert reports be due June 1, 2018, less than two weeks after the close of fact discovery. This is insufficient time to allow the parties' experts to consider and analyze the factual record.

For the foregoing reasons, Ethicon respectfully requests that the Court enter Ethicon's proposed case schedule, attached hereto as Exhibit C.

### B. Protective Order

The Court has entered the parties' Stipulated Protective Order (Dkt. Nos. 66 and 68).

### C. Discovery Protocol

While the parties disagree regarding the scope for e-mail and ESI discovery, the parties otherwise have agreed to the Discovery Protocol attached hereto as Exhibit D. The parties' competing proposals are set forth in Section 5 of Exhibit D. The Discovery Protocol sets forth procedures for, and limits to be placed on, the preservation and discovery of electronically stored information.

The parties set forth their positions below regarding the proper scope of e-mail and ESI discovery in this case.

Ethicon's Position:

Ethicon believes the scope of any e-mail discovery should be reasonable and proportional to the needs of the case per Rule 26(b)(1) of the Federal Rules of Civil Procedure. To that end, Ethicon proposes collection from five (5) e-mail custodians per side and five (5) search terms per custodian (which would be subject to a meet and confer process between counsel to arrive at the terms), which is identical to the Federal Circuit Advisory Council Model Ordering Regarding E-Discovery in Patent Cases, *available at* http://www.cafc.uscourts.gov/sites/default/files/announcements/Ediscovery_Model_Order.pdf (last visited Aug. 30, 2017).

Ethicon additionally requests the option to request that the e-mail of the named inventors (fourteen (14) in all) on the six (6) patents-in-suit also be collected and searched, subject to the same five (5) search terms per custodian limit. In any patent case, inventors are likely to be key witnesses and custodians. However, to the extent that Ethicon determines that the needs of this

case do not require collecting and searching the e-mail of each of the inventors, it will, in good-faith, reduce the number of inventors from which it requests to have e-mails collected. Although Ethicon's proposal does contemplate that Covidien may have to collect and search e-mails from a greater number of custodians than does Ethicon, it bears noting that it is Covidien who is the patent owner and who is pursuing its claims of infringement against Ethicon on numerous patents. Ethicon's proposal is reasonable and is made in good-faith. By contrast, Covidien's position is unworkable, as five (5) e-mail custodians in total leaves room to pursue e-mail discovery from potentially only a few of the fourteen inventors, given that there will also be relevant custodians (*e.g.,* technical, financial, and/or marketing individuals) other than just the inventors.

Covidien's Position:

Although Covidien does not object to conducting some e-mail discovery in this case, Covidien believes the scope of any e-mail discovery should be reasonable and proportional for both parties.  To that end, Covidien proposes a procedure that closely maps the Model ESI Order set forth by the Federal Circuit Advisory Council and utilized by several district courts. *See, e.g.*, Federal Circuit Advisory Council Model Ordering Regarding E-Discovery in Patent Cases ("Fed. Cir. Model ESI") , *available at* http://www.cafc.uscourts.gov/sites/default/files/announcements/Ediscovery_Model_Order.pdf (last visited Aug. 30, 2017); N.D. Cal. Model Stipulation & Order re: Discovery of Electronically Stored Information for Patent Litigation ("N.D. Cal. Model ESI"), *available at* http://www.cand.uscourts.gov/eDiscoveryGuidelines (last visited Aug. 30, 2017); E.D. Tex. Model Order Regarding E-Discovery in Patent Cases ("E.D. Tex. Model ESI"), *available at* http://www.txed.uscourts.gov/sites/default/files/forms/E-Discovery_Patent_Order.pdf (last

visited Aug. 30, 2017). Under these Model Orders and Covidien's proposal, targeted keyword searching of e-mail shall be available for a specific number of custodians. *See, e.g.*, Fed. Cir. Model ESI at 2-3. Covidien proposes collection from 5 e-mail custodians per side and 5 search terms per custodian (which would be subject to a meet and confer process between counsel to arrive at the terms), which is identical to the Fed. Cir. Model ESI, and properly balances the potential relevance of any e-mail searching with the cost and burden of collecting, reviewing and producing e-mail. An E-Discovery Model Order at 2-3, *available at* http://www.cafc.uscourts.gov/sites/default/files/announcements/Ediscovery_Model_Order.pdf (last visited Aug. 30, 2017).

Ethicon's proposal is neither reasonable nor proportional. For example, Ethicon proposes that Covidien be required to produce e-mail from as many as 19 custodians (including patent inventors), whereas Ethicon would only produce e-mail from 5 custodians. This type of unbalanced e-mail discovery obligation is neither fair nor reasonable. *See, e.g.*, Fed. Cir. Model ESI (same number of custodians per side); N.D. Cal. Model ESI (same); E.D. Tex. Model ESI (same). Ethicon's position that it is entitled to e-mail from up to nineteen custodians without identifying a particular need at this point in the case should be rejected, and moreover, is contrary to the Federal Rules' requirement that discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

**D.  Discovery Limitations**

1. <u>Interrogatories</u>: In accordance with the Local Rules, the parties agree that they each may serve up to twenty-five (25) interrogatories.

2. <u>Requests for admission</u>: In accordance with the Local Rules, the parties agree that they each may serve up to fifty (50) requests for admission.

3. Depositions:

*Covidien's Position*: Each side shall have a total of 70 hours for fact depositions, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) and depositions of third parties.  Notwithstanding the foregoing, the parties shall meet and confer in good faith to consider requests for additional time for depositions.

Covidien's proposal of 70 additional deposition hours per side is consistent with Fed. R. Civ. P. 30 (10 depositions per side up to 7 hours per deposition), but also provides increased flexibility to allow the parties to depose more than 10 additional witnesses as long as they fall within the hours limit.  Ethicon's proposal seeking 100 hours ignores that fact witnesses from each party (including 30(b)(6) witnesses on dozens of topics) and several third party witnesses have already been deposed in this case, and those depositions should at least narrow the scope of depositions going forward in this case.  Ethicon's unbalanced proposal should also be rejected because it would provide Ethicon with 30 more deposition hours than Covidien.  To the extent either party believes additional depositions are needed after some depositions have been conducted, both parties should be willing to meet and confer in good faith at the appropriate time to consider a ***mutual*** request for more depositions or hours.  But presumptively allowing Ethicon 30 more deposition hours than Covidien at this stage is both premature and unfair.

*Ethicon's Position*: Covidien shall have a total of 70 hours for fact depositions, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) and depositions of third parties. Ethicon shall have a total of 100 hours for fact depositions,

including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) and depositions of third parties.

Ethicon acknowledges that some fact witness and third-party witness depositions have already taken place. As noted above with respect to the case schedule, however, those depositions focused on only a single claim of one of the patents-in-suit (*i.e,* claim 1 of the '284 patent) and the factors relevant to a preliminary injunction analysis. Those depositions revealed little regarding the merits of the parties' claims and defenses with respect to the other five patents-in-suit.

Ethicon also acknowledges that its proposal provides it with more deposition time that Covidien. As discussed above with respect to the Discovery Protocol, however, there are fourteen (14) inventors of the patents-in-suit, and Ethicon's proposal accounts for the greater number of depositions it will need to take in view of the fact that there are numerous inventors.

4. <u>Expert discovery</u>: The parties agree to meet and confer in good faith regarding the limits on expert discovery.

## III. Procedure for Claim Construction and Need for Tutorials

The parties agree that as part of their joint claim construction and prehearing statement, they will propose a procedure for the claim construction hearing and, possibly, any tutorials. The parties' competing deadlines for exchanging proposed terms and constructions and claim construction briefing are set forth in Exhibits A-C.

**IV.    Identification of Dispositive Issues**

The parties are currently unaware of any dispositive issue that may lead to an early resolution of the litigation.

**V.    Filing Under Seal**

The parties agree that the Court should authorize the filing under seal of any documents that contain confidential information, consistent with the parties' request for filing under seal certain papers filed in connection with Covidien's motion for a preliminary injunction. A Stipulated Protective Order has been entered limiting the disclosure of the parties' confidential information.

**VI.    Settlement Discussions**

The parties have participated in two mediations regarding this dispute, held on December 19, 2016 and on April 6, 2017. The parties were unable to reach a settlement.

**VII.    Consent to Trial by Magistrate Judge**

The parties do not consent to trial by magistrate judge.

**VIII.    Certifications**

Pursuant to Local Rule 16.1(d)(3), the parties provide herewith certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred as required, attached hereto as Exhibit E (Covidien's certification) and Exhibit F (Ethicon's certification).

Dated:  September 11, 2017                    Respectfully submitted,

| | |
|---|---|
| */s/ David J. Apfel* | */s/ Jack I. Siegal* |
| David J. Apfel (BBO No. 551139) | Jack I. Siegal (MA Bar #: 669173) |
| Samuel E. Sherry (BBO No. 667527) | **DEVINE, MILLIMET & BRANCH, P.A.** |
| dapfel@goodwinlaw.com | 2 Oliver Street |
| ssherry@goodwinlaw.com | Boston, MA  02109 |
| **GOODWIN PROCTER LLP** | Tel.: (617) 778-7500 |
| 100 Northern Avenue | Fax: (617) 778-7501 |
| Boston, MA 02109 | jsiegal@devinemillimet.com |
| Tel. 617.570.1970 | |
| Fax: 617.227.8591 | Of Counsel: |
| | |
| Of Counsel (admitted *pro hac vice*): | William F. Cavanaugh, Jr. |
| | Jeffrey S. Ginsberg (admitted *pro hac vice*) |
| Drew M. Wintringham, III | Aron R. Fischer |
| drew.wintringham@dlapiper.com | **PATTERSON BELKNAP** |
| Matthew Ganas | **WEBB & TYLER LLP** |
| matt.ganas@dlapiper.com | 1133 Avenue of the Americas |
| **DLA PIPER LLP (US)** | New York, NY 10036 |
| 1251 Avenue of the Americas | Tel.: (212) 336-2000 |
| New York, New York 10020-1104 | Fax: (212) 336-2222 |
| Tel: 212.335.4500 | wfcavanaugh@pbwt.com |
| Fax: 212.335.4501 | jginsberg@pbwt.com |
| | afischer@pbwt.com |
| Richard T. Mulloy | |
| richard.mulloy@dlapiper.com | *Attorneys for Plaintiffs ETHICON ENDO-* |
| **DLA PIPER LLP (US)** | *SURGERY, INC. and ETHICON ENDO-* |
| 401 B Street, Suite 1700 | *SURGERY, LLC* |
| San Diego, CA 92101-4297 | |
| Tel: 619.699.2700 | |
| Fax: 619.699.2701 | |
| | |
| *Attorneys for Defendants* | |

## **CERTIFICATE OF SERVICE**

      I, David J. Apfel, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on September 11, 2017.

                                                                /s/ David J. Apfel